No. 21-11833

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

RANIERO GIMENO,

Plaintiff-Appellant,

v.

NCHMD, INC., *et al.*,

Defendants-Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

_____

BRIEF OF THE SECRETARY OF LABOR AS AMICUS CURIAE IN SUPPORT
OF PLAINTIFF-APPELLANT AND URGING REVERSAL

_____

SEEMA NANDA
Solicitor of Labor

G. WILLIAM SCOTT
Associate Solicitor
  for Plan Benefits Security

JEFFREY HAHN
Counsel for Litigation

STEPHEN SILVERMAN
Senior Trial Attorney

ISIDRO MARISCAL
Trial Attorney

United States Department Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Ave. NW, N-4611
Washington, DC 20210
(202) 693-5600

*Counsel for the Secretary of Labor*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

In accordance with Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, the undersigned counsel for the Secretary of Labor as amicus curiae certifies that, in addition to those identified in the briefs filed by plaintiff-appellant and defendants-appellees, the following persons and entities may have an interest in the outcome of this case:

1. Employee Benefits Security Administration, U.S. Department of Labor;

2. Hahn, Jeffrey, U.S. Department of Labor, Office of the Solicitor, counsel for the Secretary of Labor;

3. Mariscal, Isidro, U.S. Department of Labor, Office of the Solicitor, counsel for the Secretary of Labor;

4. Nanda, Seema, Solicitor of Labor, U.S. Department of Labor, counsel for the Secretary of Labor;

5. Scott, G. William, Associate Solicitor for Plan Benefits Security, U.S. Department of Labor, Office of the Solicitor, counsel for the Secretary of Labor;

6. Silverman, Stephen, U.S. Department of Labor, Office of the Solicitor, counsel for the Secretary of Labor;

7. Walsh, Martin J., Secretary of Labor, U.S. Department of Labor.

*Raniero Gimeno v. NCHMD, Inc.*, No. 21-11833

The undersigned further certifies that no publicly traded company or corporation has an interest in the outcome of this appeal.

/s/ Isidro Mariscal
ISIDRO MARISCAL

*Counsel for the Secretary of Labor*

Date: September 14, 2021

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ ii

STATEMENT OF THE ISSUES............................................................ 1

STATEMENT OF IDENTITY, INTEREST, AND AUTHORITY TO FILE ........ 2

STATEMENT OF THE CASE................................................................. 3

    I.    Factual Background................................................................. 3

    II.   Procedural History.................................................................. 5

SUMMARY OF THE ARGUMENT ...................................................... 8

ARGUMENT ........................................................................................ 9

The District Court Erred in Denying Plaintiff's Request for Leave to Amend as Futile Because the Supreme Court's *Amara* Decision Authorizes the Make-Whole Remedy of Surcharge Under Section 502(a)(3)........................................... 9

    I.    ERISA Section 502(a)(3) Prior to *Amara*................................... 10

    II.   *Amara* Clarifies the Scope of Relief Available Against Fiduciaries Under ERISA Section 502(a)(3)........................................................ 11

    III.  This Court Should Follow *Amara* and its Sister Circuits and Reverse the Decision Below. ...................................................................... 13

CONCLUSION .................................................................................... 20

CERTIFICATE OF COMPLIANCE

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases:**

*Admin. Comm. for the Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Horton*,
    513 F.3d 1223 (11th Cir. 2008).................................................................. 15 n.5

*Amschwand v. Spherion Corp.*,
    505 F.3d 342 (5th Cir. 2007).............................................................11

*Bast v. Prudential Ins. Co. of Am.*,
    150 F.3d 1003 (9th Cir. 1998).........................................................11

*Biller v. Prudential Ins. Co. of Am.*,
    No. 1:13-cv-03495-RWS, 2014 WL 4230119 (N.D. Ga. Aug. 26, 2014).......18

*Burger King Corp. v. Weaver*,
    169 F.3d 1310 (11th Cir. 1999)................................................ 10 n.3

*CIGNA Corp. v. Amara*,
    563 U.S. 421 (2011) ............................................................... passim

*Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp. Inc.*,
    472 U.S. 559 (1985) ...........................................................9

*Coan v. Kauffman*,
    457 F.3d. 250 (2d Cir. 2006)...........................................................11

*Donovan v. Bierwirth*,
    680 F.2d 263 (2d Cir. 1982) ...........................................................9

*Donovan v. Cunningham*,
    716 F.2d 1455 (5th Cir. 1983)...........................................................2

**Federal Cases (cont'd):**

*Ehlen Floor Covering, Inc. v. Lamb*,
　　909 F. Supp. 2d 1335 (M.D. Fla. 2012) ...........................................................18

*Flint v. ABB, Inc.*,
　　337 F.3d 1326 (11th Cir. 2003)................................................................. 16 n.6

*Gearlds v. Entergy Servs., Inc.*,
　　709 F.3d 448 (5th Cir. 2013)................................................................ 13, 14 n.4

*Gil v. Winn-Dixie Stores, Inc.*,
　　993 F.3d 1266 (11th Cir. 2021)................................................................ 14 n.4

*Great-West Life & Annuity Ins. Co. v. Knudson*,
　　534 U.S. 204 (2002) .........................................................................................11

*Green v. Holland*,
　　480 F.3d 1216 (11th Cir. 2007)................................................................ 16 n.6

*Jones v. Am. Gen. Life and Accident Ins. Co.*,
　　370 F.3d 1065 (11th Cir. 2004).......................................................................15

*Katz v. Comprehensive Plan of Grp. Ins.*,
　　197 F.3d 1084 (11th Cir. 1999).......................................................................15

*Kenseth v. Dean Health Plan, Inc.*,
　　722 F.3d 869 (7th Cir. 2013)...........................................................................14

*Laird v. Aetna Life Ins. Co.*,
　　263 F. Supp. 3d 1231 (M.D. Ala. 2017) ........................................................18

*Mass. Mut. Life Ins. Co. v. Russell*,
　　473 U.S. 134 (1985) ...........................................................................................9

**Federal Cases (cont'd):**

*McCravy v. Metro. Life Ins. Co.*,
    690 F.3d 176 (4th Cir. 2012)................................................................ 14, 14 n.4

*Mertens v. Hewitt Assocs.*,
    508 U.S. 248 (1993) ............................................................ 10, 11, 12, 16 n.6

*Motorcity of Jacksonville, Ltd. v. Se. Bank, N.A.*,
    83 F.3d 1317 (11th Cir. 1996)................................................................ 10 n.3

*Moyle v. Liberty Mut. Ret. Benefit Plan*,
    823 F.3d 948 (9th Cir. 2016).............................................................................13

*N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*,
    798 F.3d 125 (2d Cir. 2015)..............................................................................13

*Ogden v. Blue Bell Creameries U.S.A., Inc.*,
    348 F.3d 1284 (11th Cir. 2003).........................................................................15

*Pichoff v. QHG of Springdale, Inc.*,
    556 F.3d 728 (8th Cir. 2009).......................................................... 7, 11, 16, 17

*Pierce v. Wyndham Worldwide Operations, Inc.*,
    No. 1:17-cv-3680-TCB, 2018 WL 10231079 (N.D. Ga. May 23, 2018) ........18

*Poole v. Life Ins. Co. of N. Am.*,
    984 F. Supp. 2d 1179 (M.D. Ala. 2013) ..........................................................19

*Popowski v. Parrott*,
    461 F.3d 1367 (11th Cir. 2006)................................................................ 15 n.5

*Prolow v. Aetna Life Ins. Co.*,
    510 F. Supp. 3d 1303 (S.D. Fla. 2021) ...........................................................18

iv

**Federal Cases (cont'd):**

*Seales v. Amoco Corp.*,
　　82 F. Supp. 2d 1312 (M.D. Ala. 2000) ............................................................7

*Sec'y of Labor v. Fitzsimmons*,
　　805 F.2d 682 (7th Cir. 1986)............................................................3

*Smith v. Med. Benefit Adm'rs Grp., Inc.*,
　　639 F.3d 277 (7th Cir. 2011)...........................................................11

*Silva v. Metro. Life Ins. Co.*,
　　762 F.3d 711 (8th Cir. 2014)............................................... 13, 16, 17

*Urscheler v. Adventist Health Sys. Sunbelt Healthcare Corp.*,
　　No. 8:16-cv-224-T-27-TBM, 2016 WL 3702976
　　(M.D. Fla. July 7, 2016) ...................................................................18

*Varity Corp. v. Howe*,
　　516 U.S. 489 (1996) ........................................................................10

*Williamson v. Travelport, LP*,
　　953 F.3d 1278 (11th Cir. 2020)......................................... 15, 16 n.6

**Federal Statutes:**

Employee Retirement Income Security Act of 1974,
　　*as amended*, 29 U.S.C. § 1001 et. seq.

　　Section 2(b), 29 U.S.C. § 1001(b) ...................................................3, 9

　　Section 502, 29 U.S.C. § 1132...........................................................2

　　Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)...................................... passim

　　Section 502(a)(3), 29 U.S.C. § 1132(a)(3) ............................................... passim

Section 502(a)(5), 29 U.S.C. § 1132(a)(5) ...............................................3

Section 505, 29 U.S.C. § 1135...............................................................2

**Miscellaneous:**

Fed. R. App. P. 29(a) ..........................................................................3

R. Francis, *Maxims of Equity* 29 (1st Am. ed. 1823)............................................ 12

*Black's Law Dictionary* (11th ed. 2019)...........................................................4 n.1

## STATEMENT OF THE ISSUES

Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") authorizes an employee benefit plan participant, beneficiary, or fiduciary to bring a civil action to obtain "appropriate equitable relief" to redress violations of the statute or to enforce the terms of the plan. 29 U.S.C. § 1132(a)(3). In *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), the Supreme Court interpreted "appropriate equitable relief" to include the traditional equitable remedies of reformation, equitable estoppel, and surcharge. The latter remedy, which is at issue in this case, provides make-whole relief to compensate for monetary losses suffered by a plan participant or beneficiary due to a fiduciary breach.

Plaintiff is the beneficiary of his deceased husband's group life insurance plan, which was sponsored by his husband's employer, defendant NCHMD, Inc., a subsidiary of defendant NCH Healthcare Systems, Inc. When he was hired, plaintiff's husband requested $500,000 in supplemental life insurance coverage under the plan. In order to enroll in supplemental coverage above $150,000, plan participants were required to submit evidence of good health (also referred to as "evidence of insurability") acceptable to the plan's insurer, Lincoln National. But defendants failed to collect the required evidence of insurability form and submit it to Lincoln National. Nevertheless, defendants deducted monthly premiums for the supplemental coverage from the husband's paychecks for three years until his

death. Because it had neither received nor approved evidence of insurability for plaintiff's husband, Lincoln National denied plaintiff's claim for $350,000 in supplemental benefits. Plaintiff initially asserted a claim for benefits under ERISA section 502(a)(1)(B) against the defendants, but subsequently sought leave to amend his complaint in response to defendants' motion to dismiss to assert a claim under ERISA section 502(a)(3) seeking to surcharge defendants for the $350,000 monetary loss he suffered as a result of their fiduciary breaches. The district court denied leave to amend, holding that plaintiff's proposed amendment was futile because the monetary recovery he sought was legal relief unavailable under section 502(a)(3), and dismissed plaintiff's claim.

The Secretary addresses the following question presented:

Whether the district court erred in holding that plaintiff's motion for leave to amend his complaint should be denied as futile because the equitable remedy of surcharge is not available under ERISA section 502(a)(3).

## STATEMENT OF IDENTITY, INTEREST, AND AUTHORITY TO FILE

The Secretary of Labor ("Secretary") has primary authority to interpret and enforce the provisions of Title I of ERISA to ensure fair and impartial plan administration and compliance with ERISA's requirements and purposes. *See* 29 U.S.C. §§ 1132, 1135; *Donovan v. Cunningham*, 716 F.2d 1455, 1462–63 (5th Cir. 1983). The Secretary's interests include promoting uniformity of law, protecting

beneficiaries, enforcing fiduciary standards, and ensuring the financial stability of employee benefit plans. *See Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 689–94 (7th Cir. 1986). ERISA's robust statutory regime seeks to provide participants and beneficiaries "appropriate remedies" and "ready access to the Federal courts." 29 U.S.C. § 1001(b). This case presents an important issue concerning the scope of equitable remedies available under ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3). The Secretary has a strong interest in the proper resolution of this issue, which implicates both private cases and the Secretary's own litigation brought under a parallel provision of ERISA that allows the Secretary to sue for "appropriate equitable relief." 29 U.S.C. § 1132(a)(5). The Secretary seeks to ensure the foregoing provisions are correctly interpreted to fully achieve the statute's remedial purposes.

The Secretary files this brief as amicus curiae under Federal Rule of Appellate Procedure 29(a).

## STATEMENT OF THE CASE

### A.    Factual Background

This case involves a claim for life insurance benefits by plaintiff Raniero Gimeno, the husband of decedent Justin Polga ("Polga"). *Gimeno v. NCHMD, Inc.*, No. 20-cv-24870-BLOOM/Otazo-Reyes, 2021 WL 1669757, at *1 (S.D. Fla. Apr. 28, 2021). From December 2016 until his death three years later, Polga was an

employee of defendant NCHMD, Inc. ("NCHMD"), a subsidiary of defendant

NCH Healthcare Systems, Inc. ("NCH Healthcare"). *Id.* NCH Healthcare offered

and served as plan administrator for an ERISA-covered group life insurance plan

("Plan") insured by Lincoln National Life Insurance Company ("Lincoln

National"). *Id.* In addition to offering employer-paid basic life insurance coverage

of $10,000, the Plan allowed participants to elect optional employee-paid coverage

(or "supplemental coverage") up to a maximum of $500,000. *Id.* The first

$150,000 of that coverage was "guaranteed issue;" for any coverage above

$150,000, employees had to submit an evidence of insurability ("EOI") form—

essentially, evidence of good health—which Lincoln National had to approve for

coverage to take effect. *Id.*[1]

When he began his employment with NCHMD in 2016, Polga elected the

maximum supplemental life insurance coverage of $500,000 and designated

plaintiff as the primary beneficiary. *Id.* During the onboarding process, NCHMD

and NCH Healthcare processed Polga's benefits paperwork but never advised him

that he needed to submit an EOI form. *Id.* Nevertheless, NCHMD deducted

premiums from Polga's paychecks for the $500,000 in supplemental life coverage

---

[1] "Evidence of insurability" is "[i]nformation – such as medical records or a
medical examination – that an insurer may require to establish a potential insured's
qualification for a particular insurance policy." *Black's Law Dictionary* (11th ed.
2019).

that Polga elected, and it forwarded those premiums to Lincoln National until his death in 2019. *Id.* In addition, NCHMD listed the supplemental coverage in Polga's summary of benefits. Proposed Am. Compl. ¶ 23 [Dkt. 36, attachment].

Upon Polga's death, plaintiff submitted a claim for $500,000 in supplemental life insurance proceeds. *Gimeno*, 2021 WL 1669757, at *2. Lincoln National denied the claim because no EOI form for Polga had been submitted, and it paid plaintiff only the $150,000 guaranteed-issue amount. *Id.* Lincoln National notified NCHMD and NCH Healthcare of the denial, and NCHMD reimbursed plaintiff the premiums that Polga had paid for the supplemental life coverage. *Id.* Lincoln National denied plaintiff's administrative appeal. *Id.*

**B.    Procedural History**

Plaintiff initially filed suit in state court against NCHMD and NCH Healthcare ("defendants"), asserting that they were negligent in processing Polga's supplemental life insurance application, and seeking to recover $350,000 for the insurance proceeds that he claims he would have received absent defendants' negligence. After defendants removed that state-court action to federal court, plaintiff filed an amended complaint under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), alleging that defendants breached their ERISA fiduciary duties by failing to properly process Polga's supplemental life insurance application, and

seeking the additional $350,000 in supplemental benefits he should have received. *Gimeno*, 2021 WL 1669757, at \*2.

Defendants moved to dismiss for three reasons. *Id.* First, defendants argued that they were not proper defendants in plaintiff's section 502(a)(1)(B) action because such claims for benefits can be asserted only against the plan administrator, which was Lincoln National, not defendants. *Id.* Second, even construing the Amended Complaint as properly asserting a claim under section 502(a)(3)—ERISA's catch-all cause of action for "appropriate equitable relief"— defendants argued that such a claim failed because it was duplicative of a claim for benefits under section 502(a)(1)(B). *Id.* Third, defendants argued that plaintiff's section 502(a)(3) claim failed because plaintiff sought monetary relief, which was not "appropriate equitable relief" under section 502(a)(3). *Id.*

In his opposition to defendants' motion to dismiss, plaintiff conceded that his section 502(a)(1)(B) claim was more properly cast as a claim for equitable relief under section 502(a)(3). *Id.* at \*3. As such, plaintiff's opposition brief sought leave to amend his complaint a second time for the sole purpose of updating the statutory basis for his claim. *See id.* Plaintiff's proposed Second Amended Complaint asked for appropriate equitable relief under section 502(a)(3) including "make-whole relief and surcharge equal to the benefit denied due to Defendants' breaches of fiduciary duty." *Id.*

The district court granted defendants' motion to dismiss and denied plaintiff's motion for leave to amend his complaint on the ground that the proposed amendment would be futile. *Id.* at *5.[2] In determining futility, the district court— citing case law that pre-dated the Supreme Court's decision in *Amara*—explained that "appropriate equitable relief" under section 502(a)(3) was "limited to various forms of equitable relief including injunctive[,] restitutionary, or mandamus relief, but does not extend to compensatory or 'make whole' damages." *Id.* at *4 (quoting *Seales v. Amoco Corp.*, 82 F. Supp. 2d 1312, 1324 (M.D. Ala. 2000)). The district court relied heavily on the Eighth Circuit's decision in *Pichoff*, which also pre-dated *Amara*. *Id.* at *5. In *Pichoff*, the Eighth Circuit held that a widow's suit against the decedent's employer for life insurance benefits that were denied due to the employer's breach of duty "was not [for] 'other appropriate equitable relief,' because decedent's estate was seeking compensation for the benefits." *Id.* (citing *Pichoff v. QHG of Springdale, Inc.*, 556 F.3d 728, 732 (8th Cir. 2009)). The district court found no contrary Eleventh Circuit precedent and concluded that there was no authority to support plaintiff's "contention that the relief sought against [defendants] is anything other than compensatory and, therefore, proper under

---

[2] The district court considered plaintiff's request for leave to amend in conjunction with his opposition to the motion to dismiss to be procedurally improper, but it nonetheless exercised discretion and addressed whether to allow the requested amendment. *Id.* at *3.

ERISA § 502(a)(3)." *Id.* On that basis the district court denied leave to amend and dismissed plaintiff's claim. *Id.*

## SUMMARY OF THE ARGUMENT

The district court's holding that section 502(a)(3) of ERISA does not allow plaintiff to obtain monetary relief that would remedy the harm caused by defendants' alleged breaches is directly contrary to the Supreme Court's decision in *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011). The Court clarified in *Amara* that "appropriate equitable relief" under ERISA section 502(a)(3) can include make-whole monetary relief against plan fiduciaries, and specifically identified surcharge as a traditional equitable remedy that provided such relief. This is precisely what plaintiff seeks here: to surcharge defendants for the loss he incurred due to their alleged fiduciary breaches. As a result, plaintiff properly stated a claim for relief under ERISA section 502(a)(3). This Court should correct the district court's error and align itself with the numerous other circuits that have recognized the expanded availability post-*Amara* of make-whole monetary relief for fiduciary breach claims under section 502(a)(3).

**ARGUMENT**

**The District Court Erred in Denying Plaintiff's Request for Leave to Amend as Futile Because the Supreme Court's *Amara* Decision Authorizes the Make-Whole Remedy of Surcharge Under Section 502(a)(3).**

ERISA protects the interests of participants and beneficiaries of employee benefit plans by establishing standards of conduct, responsibility, and obligations for plan fiduciaries. 29 U.S.C. § 1001(b). The statute "invok[es] the common law of trusts to define the general scope of" these duties. *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp. Inc.*, 472 U.S. 559, 570 (1985) (citations omitted). At the core of ERISA's fiduciary obligations are the familiar trust-law duties of loyalty and prudence, which are among the "highest known to the law." *Donovan v. Bierwirth*, 680 F.2d 263, 272 n.8 (2d Cir. 1982).

ERISA provides for enforcement of its stringent fiduciary duties and other requirements through a number of "carefully integrated" remedial provisions. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). This case concerns one of those provisions, ERISA section 502(a)(3), which allows a participant, beneficiary, or fiduciary to sue "to enjoin any act or practice which violates" ERISA or "to obtain other appropriate equitable relief . . . to redress such violations." 29 U.S.C. § 1132(a)(3). Section 502(a)(3) is a "catchall" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations

9

that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

The district court in this case held that the $350,000 in relief plaintiff sought against defendants for their alleged fiduciary breaches was akin to legal compensatory damages and thus did not qualify as "equitable relief" under section 502(a)(3). *Gimeno*, 2021 WL 1669757, at *5. The district court's error in this case is straightforward: its reasoning is directly contrary to the Supreme Court's decision in *Amara* clarifying that "appropriate equitable relief" under section 502(a)(3) can take the form of make-whole monetary relief. This Court should reverse the decision below.[3]

A.      **ERISA Section 502(a)(3) Prior to *Amara*.**

Two decades before *Amara*, the Supreme Court explained that "equitable relief" under section 502(a)(3) is limited to relief that was "*typically* available in equity." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993). The Court held that money damages against a non-fiduciary was not equitable relief under section 502(a)(3) because it was "nothing other than compensatory *damages*[,] . . . the

---

[3] A district court's grant or denial of leave to amend a complaint is reviewed for abuse of discretion. *Motorcity of Jacksonville, Ltd. v. Se. Bank, N.A.*, 83 F.3d 1317, 1323 (11th Cir. 1996). When leave is denied due to futility, the district court's legal conclusion is reviewed de novo. *Id.* Amendment is futile when the "complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

classic form of *legal* relief." *Id.* at 255. The Court subsequently stated in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213–14 (2002), that monetary restitution against non-fiduciaries is equitable relief available under section 502(a)(3) only if recovery is against particular funds and not a defendant's general assets.

Although *Mertens* and *Great-West* concerned the availability of relief against non-fiduciaries, following those decisions, several circuit courts held that section 502(a)(3) also did not authorize make-whole monetary relief against fiduciaries. *See, e.g.*, *Smith v. Med. Benefit Adm'rs Grp., Inc.*, 639 F.3d 277, 283 (7th Cir. 2011); *Pichoff v. QHG of Springdale, Inc.*, 556 F.3d 728, 731–32 (8th Cir. 2009); *Amschwand v. Spherion Corp.*, 505 F.3d 342, 345 (5th Cir. 2007); *Coan v. Kauffman*, 457 F.3d 250, 262–64 (2d Cir. 2006); *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1010 (9th Cir. 1998). But all of these circuits reversed course in the wake of *Amara*, as explained below.

### B.  *Amara* Clarifies the Scope of Relief Available Against Fiduciaries Under ERISA Section 502(a)(3).

The Supreme Court's decision in *Amara* changed the legal landscape by clarifying that appropriate equitable relief under section 502(a)(3) can include monetary relief against a breaching fiduciary. In *Amara*, plan participants sought make-whole relief for harm caused by fiduciaries who provided misleading and false information about the conversion of the participants' defined benefit pension

11

plan to a "cash balance" plan. 563 U.S. at 426–32. Noting the maxim that "[e]quity suffers not a right to be without a remedy," the Court held that section 502(a)(3) provides a broad range of equitable remedies for fiduciary misconduct, including make-whole monetary relief in the form of surcharge, equitable estoppel, and plan reformation. *Id.* at 440 (quoting R. Francis, *Maxims of Equity* 29 (1st Am. ed. 1823)).

Key to the Court's reasoning in *Amara* was that, "insofar as an award of make-whole relief is concerned, the fact that the defendant in this case, unlike the defendant in *Mertens*, is analogous to a trustee makes a critical difference." *Id.* at 442. As the Court explained, "a suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) about the terms of a plan (which ERISA typically treats as a trust)" was "the kind of lawsuit that, before the merger of law and equity, respondents could have brought only in a court of equity, not a court of law." *Id.* at 439. In such cases, "[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty." *Id.* at 441.

Importantly, the Court made clear that "the fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief." *Id.* Rather, what mattered for purposes of whether it was authorized by section 502(a)(3) was that "prior to the merger of law and equity this kind of

monetary remedy against a trustee, sometimes called a 'surcharge,' was 'exclusively equitable.'" *Id.* at 442 (citations omitted). Accordingly, "[t]he surcharge remedy extended to a breach of trust committed by a fiduciary encompassing any violation of a duty imposed upon that fiduciary." *Id.*

>    **C.**    **This Court Should Follow *Amara* and its Sister Circuits and Reverse the Decision Below.**

This Court should align itself with every other circuit to analyze this issue following *Amara* and recognize the availability under section 502(a)(3) of make-whole relief against breaching fiduciaries. Following *Amara*, every circuit court that has revisited the issue of equitable relief for fiduciary breaches under section 502(a)(3) has endorsed the availability of monetary relief through traditional equitable remedies like surcharge. *See Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 960 (9th Cir. 2016) ("*Amara* makes it very clear that remedies such as reformation, surcharge, estoppel, and restitution are traditionally equitable remedies, and the fact that they take a monetary form does not alter this classification); *N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 134–35 (2d Cir. 2015) ("[T]o the extent [plaintiff] seeks redress for . . . breaches of fiduciary duty . . . the relief sought would count as 'equitable relief' under § 502(a)(3)."); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 724–25 (8th Cir. 2014); *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 450–52 (5th Cir. 2013) (*Amara* "stated an expansion of the kind of relief available under § 502(a)(3),"

13

such that a monetary surcharge remedy is "viable in light of *Amara*," and the "circuit's contrary prior decisions" are abrogated); *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 880 (7th Cir. 2013) (after *Amara*, "the relief available for a breach of fiduciary duty under section 1132(a)(3) is broader than we have previously held," and "[m]onetary compensation is not automatically considered 'legal' rather than 'equitable'"); *McCravy v. Metro. Life Ins. Co.*, 690 F.3d 176, 180–83 (4th Cir. 2012).[4]

For example, in *McCravy*, the Fourth Circuit stated that prior decisions "had (mis)construed Supreme Court precedent to limit severely the remedies available to plaintiffs suing fiduciaries under Section 1132(a)(3)." 690 F.3d at 180. It concluded that "with *Amara*, the Supreme Court clarified that remedies beyond mere premium refunds—including the surcharge . . . remed[y] at issue here—are indeed available to ERISA plaintiffs suing fiduciaries under Section 1132(a)(3)." *Id.* at 182–83.

---

[4] In addition to endorsing *Amara*'s expansion of equitable relief under section 502(a)(3), courts have rejected arguments that the Supreme Court's discussion on the topic was dicta. *See, e.g.*, *Gearlds*, 709 F.3d at 452; *McCravy*, 690 F.3d at 181 n.2. As these decisions have explained, the Supreme Court's discussion of surcharge and other equitable remedies under section 502(a)(3) was essential to answer the question on which it granted certiorari—the applicable standard of harm suffered to determine entitlement to relief. But even assuming it was dicta, it is ordinarily the duty of lower courts to follow recent Supreme Court dicta so long as it is not contradicted by subsequent Supreme Court cases. *See Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266, 1282 n.21 (11th Cir. 2021).

This Court has not had the opportunity to squarely address the question presented here in light of *Amara*. Until now, this Court's jurisprudence regarding the appropriateness of section 502(a)(3) claims against plan fiduciaries has primarily focused on whether a participant can seek relief under section 502(a)(3) in the alternative when adequate relief may be available under section 502(a)(1)(B) (which authorizes claims for benefits due under the terms of a plan). *See, e.g.*, *Williamson v. Travelport, LP*, 953 F.3d 1278, 1297–99 (11th Cir. 2020); *Jones v. Am. Gen. Life and Accident Ins. Co.*, 370 F.3d 1065, 1066–69 (11th Cir. 2004); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1286-88 (11th Cir. 2003); *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1088–89 (11th Cir. 1999). In *Jones*, this Court recognized the viability of fiduciary breach claims for misrepresentations and omissions under section 502(a)(3) where no adequate remedy was available under section 502(a)(1)(B). 370 F.3d at 1071–74. However, *Jones* did not consider the specific forms of equitable relief available under section 502(a)(3) to remedy the alleged fiduciary breaches. *Id.* at 1073–74. This case presents the Court an opportunity to pick up where *Jones* left off.[5] In light of

---

[5] This Court has limited the availability of monetary relief under section 502(a)(3) in cases where plan fiduciaries sought subrogation and reimbursement against participants. *See, e.g.*, *Admin. Comm. for the Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Horton*, 513 F.3d 1223, 1225 (11th Cir. 2008); *Popowski v. Parrott*, 461 F.3d 1367, 1372–73 (11th Cir. 2006). Those cases are inapposite, as *Amara* made clear, because they did not concern ERISA claims against fiduciaries.

*Amara*, this Court should affirmatively recognize equitable remedies under section 502(a)(3) that include monetary compensation and make-whole relief against breaching fiduciaries, such as surcharge.[6]

The district court below failed to consider the changed legal landscape after *Amara*. Instead, it primarily relied on the Eighth Circuit's decision in *Pichoff*, which pre-dated *Amara*, in support of its holding that the monetary relief plaintiff sought was not appropriate equitable relief under section 502(a)(3). *Gimeno*, 2021 WL 1669757, at *4–5. But following *Amara*, the Eighth Circuit abrogated *Pichoff* in a case with facts strikingly similar to this one. *See Silva*, 762 F.3d at 724–25.

---

[6] In *Flint v. ABB, Inc.*, a case that pre-dated *Amara* wherein a participant alleged fiduciary breaches for terminated but eventually reinstated disability benefits, this Court said in dicta that make-whole relief in the form of interest on delayed benefits was "a classic form of compensatory damages and, as such, does not qualify as 'equitable relief' under § 502(a)(3)(B)." 337 F.3d 1326, 1330 (11th Cir. 2003). But the Court ultimately held that the plaintiff had failed to state a fiduciary breach claim in the first place that would have entitled him to any equitable relief under section 502(a)(3). *Id.* at 1331; *see also Green v. Holland*, 480 F.3d 1216, 1226 (11th Cir. 2007) (declining to decide, in circumstances similar to *Flint*, whether a stand-alone claim seeking accrued interest for delayed benefits was in the nature of appropriate equitable relief). Nevertheless, *Flint* and *Green* cannot withstand scrutiny in light of the Supreme Court's subsequent pronouncements on the subject in *Amara*. Moreover, while this Court recently stated in *Williamson* that a participant could not request the "legal remedy" of "compensatory damages" for an alleged fiduciary breach under section 502(a)(3), the Court cited *Mertens* for this proposition without mentioning *Amara*, and the participant did not specify what equitable relief she was seeking under section 502(a)(3). 953 F.3d at 1298. In any event, that statement was dicta because the Court held that plaintiff's fiduciary breach claim was "intertwined" and duplicative of her benefits claim under section 502(a)(1)(B), and that relief under section 502(a)(3) was unavailable for that independent reason. *Id.* at 1297–98.

The plaintiff in *Silva* was a decedent's beneficiary who sought supplemental life insurance benefits owed to him under the decedent's employer-sponsored plan. *Id.* at 714, 716-17. The insurance company denied the beneficiary's claim because the decedent had failed to submit the required EOI form. *Id.* at 714. The beneficiary, like the plaintiff here, sued the employer under ERISA section 502(a)(1)(B) for the denial of benefits, but then moved to amend his complaint to add a claim for relief under section 502(a)(3). *Id.* at 717. The district court denied leave on the grounds that plaintiff's section 502(a)(3) claim was futile because monetary relief for the denied proceeds "would be a compensatory remedy, not an equitable one." *Id.*

The Eighth Circuit reversed, joining the many other circuits that have recognized the availability of make-whole monetary relief under section 502(a)(3). *Id.* at 724–25. The Eighth Circuit explained in *Silva* that the district court there, like the district court here, had relied on *Pichoff* for the proposition that "'other appropriate equitable relief' is limited to relief that was 'typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages).'" *Id.* at 720 (quoting *Pichoff*, 556 F.3d at 731). But the court "determined that *Amara* changed the law as our court had previously interpreted it," and remanded the case to allow the plaintiff to amend his complaint to pursue equitable remedies for the supplemental life insurance proceeds. *Id.* at 724–25. This court should similarly reverse the district court's error below.

17

That error is particularly glaring given that many other district courts within this circuit have correctly recognized the expanded availability of make-whole relief after *Amara*. *See, e.g.*, *Laird v. Aetna Life Ins. Co.*, 263 F. Supp. 3d 1231, 1242–43 (M.D. Ala. 2017); *Urscheler v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 8:16-cv-224-T-27-TBM, 2016 WL 3702976, at *2–4 (M.D. Fla. July 7, 2016); *Biller v. Prudential Ins. Co. of Am.*, No. 1:13-cv-03495-RWS, 2014 WL 4230119, at *7–8 (N.D. Ga. Aug. 26, 2014) (holding that plaintiff seeking monetary relief for life insurance proceeds that were denied because of untimely conversion due to fiduciary breaches properly stated claim for surcharge under section 502(a)(3) in light of *Amara*); *Ehlen Floor Covering, Inc. v. Lamb*, 909 F. Supp. 2d 1335, 1346–48 (M.D. Fla. 2012) (denying defendants' motion for partial summary judgment on damages because plaintiff's requested monetary damages could be a form of equitable relief available under section 502(a)(3)); *cf. Prolow v. Aetna Life Ins. Co.*, 510 F. Supp. 3d 1303, 1307 (S.D. Fla. 2021) (discussing *Amara*'s recognition of surcharge and other equitable remedies for fiduciary breaches under section 502(a)(3) in the context of alternative pleadings for denial of benefits under section 502(a)(1)(B)); *Pierce v. Wyndham Worldwide Operations, Inc.*, No. 1:17-cv-3680-TCB, 2018 WL 10231079, at *1–3 (N.D. Ga. May 23, 2018) (recognizing *Amara*'s expansion of equitable relief to include monetary compensation but declining to extend *Amara*'s holding to recovery of

18

lost wages); *Poole v. Life Ins. Co. of N. Am.*, 984 F. Supp. 2d 1179, 1185–88 (M.D. Ala. 2013) (allowing section 502(a)(3) claim for injunction and reformation to proceed).

For the foregoing reasons, the Court should reverse the district court's holding on the availability of make-whole relief for fiduciary breaches under section 502(a)(3). This Court should hold that plaintiff may seek to surcharge defendants for the $350,000 monetary loss he claims to have suffered as a result of their alleged fiduciary breaches. Such a remedy would be appropriate equitable relief under section 502(a)(3), consistent with *Amara* and the decisions of this Court's sister circuits.

## CONCLUSION

For the reasons stated above, the Secretary urges this Court to reverse the district court's dismissal of plaintiff's action and denial of plaintiff's request for leave to amend his complaint.


September 14, 2021                              Respectfully submitted,

SEEMA NANDA                                    STEPHEN SILVERMAN
Solicitor of Labor                             Senior Trial Attorney

G. WILLIAM SCOTT                               /s/ Isidro Mariscal
Associate Solicitor                            ISIDRO MARISCAL
  for Plan Benefits Security                   Trial Attorney

JEFFREY HAHN                                   United States Department Labor
Counsel for Litigation                         Office of the Solicitor
                                               Plan Benefits Security Division
                                               200 Constitution Ave. NW
                                               Room N-4611
                                               Washington, DC 20210
                                               mariscal.isidro@dol.gov
                                               (202) 693-5600

                                               *Counsel for the Secretary of Labor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 29(a)(5), 32(a)(5)–(6), and 32(a)(7)(B), I certify that this amicus brief uses a 14-point proportionally spaced typeface font (Times New Roman) and contains 5,062 words.

/s/ Isidro Mariscal

ISIDRO MARISCAL

*Counsel for the Secretary of Labor*

Date: September 14, 2021